IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KELLY FOSEN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Case No. 4:12cv662 |
| | § | |
| WEINSTEIN & RILEY, P.S. | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND ORDER LIFTING STAY

Now before the Court is Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 11). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

In this case, Plaintiff claims Defendant violated debt collections practices in a May 15, 2012 letter to him regarding a purported balance owed on his Discover Card. Plaintiff asserts the following causes of action: (1) Count I: Violation of 15 U.S.C. 1692g(a) (failing to inform consumer that requests under subsections (a)(4) and (a)(5) must be made in writing); (2) Count II: Violation of 15 U.S.C. 1692g(b) (contradictory language in correspondence about Plaintiff's rights); (3) Count III: Violation of 15 U.S.C. 1692g(b) (threatening imminent legal action against Plaintiff); (4) Count IV: Violation of 15 U.S.C. 1692e(2)(A) (falsely representing character, amount or legal status of debt by asserting entitlement to "attorney's fees and costs"); (5) Count V: Violation of 15 U.S.C. 1692e(2)(B) (falsely representing the services rendered or compensation which may be received by

1

asserting entitlement to "attorney fees and costs"); (6) Count VI: Violation of 15 U.S.C. 1692e(3) (falsely representing or implying that an attorney sent initial written communication); (7) Count VII: Violation of 15 U.S.C. 1692e(5) (threatening to take an action that could not be legally taken or that Defendant did not intend to take); (8) Count VIII: Violation of 15 U.S.C. 1692e(10) (false representations); (9) Count IX: Violation of Tex. Fin. Code 392.303(a)(2) (collecting or attempting to collect an amount not legally chargeable by asserting entitlement to "attorney's fees and costs"); (10) Count X: Violation of Tex. Fin. Code 392.304(a)(8) (falsely representing character, extent or amount of debt by asserting entitlement to "attorney fees and costs"); (11) Count XI: Violation of Tex. Fin. Code 392.304(a)(12) (falsely representing that debt may be increased by "attorney fees and costs"); (12) Count XII: Violation of Tex. Fin. Code 392.304(a)(19) (false representations). *See* Dkt. 8.

Defendant has filed a motion, seeking to dismiss all of Plaintiff's claims for failure to state a claim. Plaintiff has filed a response in opposition.

## ANALYSIS

When deciding whether a debt collection letter violates the FDCPA, a court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (internal citation omitted). The court must assume that the debtor is neither shrewd nor experienced in dealing with creditors but not consider the debtor as "tied to the very last rung on the intelligence or sophistication ladder." *Id.*

(internal quotation and alteration omitted). [1] As the Fifth Circuit has explained, "[t]his standard serves the dual purpose of protecting all consumers, including the inexperienced, the untrained and the credulous, from deceptive debt collection practices and protecting debt collectors against liability for bizarre or idiosyncratic consumer interpretations of collection materials." *Id.* (internal citations omitted).

A debt collection letter must be read as a whole and in its entirety to determine if it violates the FDCPA. *Osborn v. Ekpsz, LLC*, 821 F. Supp.2d 859, 867 (S.D. Tex. 2001); *Langley v. Weinstein & Riley, P.S.*, 2013 WL 2951057, 4 (S.D. Tex. 2013). The Fifth Circuit has explained how to determine whether an FDCPA violation is a question of law or fact as follows:

> There are some letters that, as a matter of law, are not deceptive based on the language and placement of a disclaimer. At the other end of the spectrum, there are letters that are so deceptive and misleading as to violate the FDCPA as a matter of law, especially when they do not contain any disclaimer regarding the attorney's involvement. In the middle, there are letters that include contradictory messages and therefore present closer calls.

*Gonzalez*, 577 F.3d at 606. With this guidance, the Court proceeds in evaluating Plaintiff's claims.

**Count I: Violation of 15 U.S.C. 1692g(a) & Counts II & III: Violation of 15 U.S.C. 1692g(b)**

Counts I through III of Plaintiff's Amended Complaint raise claims under 15 U.S.C. 1692g which provides, in part:

---

[1] Although the Fifth Circuit has not yet chosen between the standards of least-sophisticated consumer and unsophisticated consumer, the Circuit has explained that the unsophisticated consumer standard "serves the same purposes [as the least-sophisticated consumer standard] and apparently would lead to the same results in most cases, except that it is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung on the sophistication ladder." *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012).

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
>
> (b) Disputed debts
>
> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g. As explained by one District Court in this Circuit:

> A debt collector may violate § 1692g in two ways. First, a debt collector violates § 1692g by failing to provide the information the statute requires. Second, a debt collector violates § 1692g if other language in its communication with consumers contradicts or overshadows the statutorily mandated notice. To comply with § 1692g, more is required than merely including the required disclosure in a letter to consumers; the required disclosure must also be set forth in a form and within a context that does not distort or obfuscate its meaning.

*Osborn v. Ekpsz, LLC*, 821 F. Supp.2d 859, 868 (S.D. Tex. 2011) (internal citations and quotations

omitted). "Although the text of § 1692g does not explicitly provide that the disclosures required by it must be made in a non-confusing manner, courts have held that the statute implies that the required disclosures be set forth in a form and within a context that does not distort or obfuscate its meaning." *Peter v. GC Services L.P.* 310 F.3d 344, 348 -349 (5th Cir. 2002). Language that overshadows can include "screaming headlines," fine print, faint print, or confusing typeface. *Id.*

The debt collection letter here, attached to Plaintiff's complaint, contains the following language at the end of the letter:

> **IMPORTANT NOTICE. Federal law gives you 30 days after you receive this letter to dispute the validity of the debt or any part of it. Unless you dispute this debt, or any portion of it, within 30 days from receipt of this notice, we will assume the debt to be valid. If you notify us in writing within 30 days after receipt of this notice that you dispute the debt, or any portion of it, we will obtain verification of the debt or copy of the judgment against you and mail you a copy. And, if you make a request in writing within 30 days of receipt of this notice, we will provide you with the name and address of the original creditor, if the original creditor is different from the current creditor.**

Dkt. 8-1 at 3.

In addition to the language cited above, the letter also contains the following language regarding the suspension of collection efforts: "If you request proof of the debt or the name and address of the original creditor within the thirty (30) day period that begins with your receipt of this letter, the law requires W&R to suspend its efforts...." Dkt. 8-1 at 3.

Plaintiff alleges that "Defendant violated 15 U.S.C. § 1692g(a) by failing to meaningfully convey that requests under subsections (a)(4) and (a)(5) must be made in writing." Dkt. 8 at ¶33. Plaintiff also alleges that the language in Defendant's letter violated Section 1692g(b) because it "would lead the least sophisticated consumer to believe that if she requested proof of the debt, or the

name and address of the original creditor, regardless of whether the request was made orally or in writing, Defendant would be required to suspend its collection efforts." Dkt. 8 at ¶37. Plaintiff claims that this suspension language portion of the letter does not specify that the request must be written as is required under 15 U.S.C. 1692g(b) in order to stop collection efforts.

The Court finds, as a matter of law, that the "Important Notice" language in the letter meaningfully conveys that the requests under (a)(4) and (a)(5) must be made in writing. *Langley v. Weinstein & Riley, P.S.*, 2013 WL 2951057, 5 (S.D. Tex. 2013).[2] The plain language of the letter advises that a written request will result in verification of the debt or a copy of a judgment mailed to the consumer, as is required by (a)(4), as well as the name and address of the original creditor, if different from the current creditor, as is required by (a)(5). *See* 8-1 at 3. The Court further finds that the omission of the word "written" from the section of the letter regarding the suspension of the collection efforts does not state a claim as to (a)(4) of (a)(5). *Id.* ("as a matter of law, ... an unsophisticated consumer would not assume that the omission of in writing in the Cessation Paragraph negates the inclusion of "in writing" in the IMPORTANT NOTICE."). No violation of these subsections can be stated, and Count I should be dismissed.

The Court further finds that the letter does not violate, as a matter of law, Section 1692g(b). The language regarding the suspension of collection activities does not overshadow or contradict the disclosures in the "Important Notice" portion of the letter. While the "Important Notice" language is in bold font, so too is the suspension language. It cannot be said to overshadow the suspension

---

[2] Although the Southern District opinion was issued after the parties' briefing in this matter was complete, the Court notes that the same collection letter and opposing law firms are involved in both the Southern District case and the underlying suit.

language even for the least sophisticated consumer. Further, the "omission of the words 'in writing' when explaining the debt collector's obligation to cease collection efforts does not overshadow or contradict a consumer's right to dispute her debt or request information about the original creditor." *Langley v. Weinstein & Riley, P.S.*, 2013 WL 2951057, 6 (S.D. Tex. 2013). Subsection 1692g(b) is limited in scope such that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with ***the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor***." 15 U.S.C. 1692g(b) (emphasis added). Whether the omission of the "in writing" language in the suspension portion of the letter is misleading may state another statutory violation, but it does not state one under Section 1692g(b). For these reasons, Count II should be dismissed.

In the third count, Plaintiff argues that Defendant violated 15 U.S.C. § 1692g(b) "by failing to explain an apparent contradiction between the language in its May 15, 2012 initial written correspondence threatening imminent legal action against Plaintiff and the notices required pursuant to 15 U.S.C.§ 1692g(a)." Dkt. 8 at ¶49. Because the Court finds that the letter does not overshadow and is not inconsistent in its disclosures of the consumer's rights outlined in 1692g, no contradictions as to the notices have been stated and Plaintiff's claims under Count III should also be dismissed. Although Plaintiff's complaint alleges threats of "imminent" legal action, the letter clearly sets forth a 30-day deadline and states legal action will be commenced if there is not a "prompt resolution." Dkt. 8-1 at 2. Because the language regarding legal action does not overshadow the notice disclosures and does not demand payment or threaten legal action in a period less than the 30 days set forth in the statute, no claim can be stated under 1692g(b) under Plaintiff's theory of threats of

legal action. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 670 (5th Cir. 2012) (statements that request payment or other actions with no time period specified have been found not to contradict the § 1692g notice); *Peter v. GC Services L.P.*, 310 F.3d 344, 349 (5th Cir. 2002) (portion of collection letter stating that full collection activity would continue until debtor's account was paid in full did not confuse or contradict language explaining debtor's statutory rights, and so did not violate section of the Fair Debt Collection Practices Act setting forth notice requirements).

Nothing in the statutory language of 1692g(b) provides that a debt collector cannot advise the debtor-consumer of the consequences of failing to respond to the notice. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 671 (5th Cir. 2012) (affirming finding that portion of collection letter which warned debtor of bad-credit consequences of failing to pay her debt, did not amount to impermissible overshadowing of notice requirements of the Fair Debt Collection Practices Act). Count III should be dismissed.

**Count IV: Violation of 15 U.S.C. 1692e(2)(A), Count V: Violation of 15 U.S.C. 1692e(2)(B), Count IX: Violation of Tex. Fin. Code 392.303(a)(2), Count X: Violation of Tex. Fin. Code 392.304(a)(8) & Count XI: Violation of Tex. Fin. Code 392.304(a)(12)**

Plaintiff claims that "Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt when asserting that it was entitled to 'attorney fees and costs.'" Dkt. 8 at ¶52. Plaintiff also claims that "Defendant violated 15 U.S.C. § 1692e(2)(B) by falsely representing the services rendered or compensation which may be lawfully received when asserting that it was entitled to 'attorney fees and costs.'" Dkt. 8 at ¶54

Defendant seeks dismissal on both of these claims arguing that the letter does not demand payment of such fees and costs or assert definitive entitlement to them but merely says they "may"

increase Plaintiff's debt. The Court is not convinced.

Under 1692e(2), a debt collector may not use any false, deceptive, or misleading representation of "(A) the character, amount, or legal status of any debt" and the misrepresentation "(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. §1692e(2). Taking Plaintiff's allegations as true, if no fees and costs were owing or if the fees and costs could not be lawfully received, a claim has been stated. If the evidence in the case shows otherwise, Plaintiff will take nothing by the claims, but a 12(b)(6) motion is not the time to determine it.

Plaintiff also claims that "Defendant violated Tex. Fin. Code § 392.303(a)(2) by collecting, or attempting to collect an amount not legally chargeable to Plaintiff when asserting that it was entitled to 'attorney fees and costs,'" that "Defendant violated Tex. Fin. Code § 392.304(a)(8) by falsely representing the character, extent, or amount of Plaintiff's alleged debt when asserting that it was entitled to "attorney fees and costs,'" and that "Defendant violated Tex. Fin. Code § 392.304(a)(12) by falsely representing that Plaintiff's alleged debt may be increased by 'attorney fees and costs.'" Dkt. 8 at ¶¶ 67, 69 & 71. The Texas statute essentially proscribes the same conduct as the federal.[3] As such, the Court declines to find that these claims should be dismissed at this time.

---

[3]Section 392.303(a)(2) prohibits debt collectors from using "unfair or unconscionable means" by "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE § 392.303. Section 392.304(a)(8) prohibits debt collectors from using a "fraudulent, deceptive, or misleading representation" by "misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE § 392.304(a)(8). Section 392.304(a)(12) prohibits debt collectors from using a "fraudulent, deceptive, or misleading representation" by "representing that a consumer debt may

Defendant has cited to no governing authority to say that these allegations fail to state a claim under the statutes, and notably, the case cited by Defendant involving the "exact letter sent by W&R" was determined on summary judgment, not a motion to dismiss. Plaintiff has stated claims under 1692e(2)(A) and (B) and Texas Finance Code Sections 392.303(a)(2), 392.304(a)(8) and 392.304(a)(12) and the motion to dismiss those claims should be DENIED.

**Count VI: Violation of 15 U.S.C. 1692e(3)**

In her sixth count, Plaintiff alleges that "Defendant violated 15 U.S.C. § 1692e(3) by falsely representing or implying that an attorney sent the May 15, 2012 initial written communication" and "Defendant violated 15 U.S.C. § 1692e(3) by falsely representing that an attorney had meaningfully reviewed the particular circumstances of Plaintiff's account." Dkt. 8 at ¶¶56-57. Section 1692e(3) prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." 15 U.S.C. §1692e(3).

"[A] debt collector, who uses a mass-produced collection letter using the letterhead and facsimile signature of a lawyer who is not actually participating in the collection process, violates § 1692e(3)." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997). The letter at issue here is on lawfirm letterhead with the name "Jason D. Anderson (licensed in Washington and Texas)" and has an illegible signature with the name Weinstein & Riley, P.S. – not Jason D. Anderson – typed underneath. Dkt. 8-1. While Defendant is correct in its assertion that

---

be increased by the addition of attorney's fees, investigation fees, service fees, or other charges if a written contract or statute does not authorize the additional fees or charges." TEX. FIN. CODE § 392.304(a)(12).

Section 1692e(3) does not require that an attorney meaningfully review a collection files before such a letter is sent, the Fifth Circuit has been clear that when law firms assist in debt collection, whether such a lawyer has actually reviewed the file must be clear from the letter, through a disclaimer or otherwise. *Gonzalez v. Kay,* 577 F.3d 600, 607 (5th Cir. 2009) ("We caution lawyers who send debt collection letters to state clearly, prominently, and conspicuously that although the letter is from a lawyer, the lawyer is acting solely as a debt collector and not in any legal capacity when sending the letter.").

If the evidence here shows that Plaintiff's file was reviewed prior to sending the letter, that the signature on the letter is that of Jason D. Anderson, and that Mr. Anderson was an attorney at that time, Plaintiff will take nothing by the claim. If a lawyer was truly involved, the implication that a lawyer was involved is not a false one. Plaintiff has stated sufficient facts, however, to survive 12(b)(6) dismissal and dismissal of claims based on this allegation would be premature. *Gonzalez v. Kay*, 577 F.3d 600, 606 -607 (5th Cir. 2009) ("Because the 'least sophisticated consumer' reading this letter might be deceived into thinking that a lawyer was involved in the debt collection, the district court prematurely dismissed Gonzalez's complaint."). The motion to dismiss that claim should be DENIED.

**Count VII: Violation of 15 U.S.C. 1692e(5)**

Plaintiff next claims that "Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action that could not legally be taken, or that Defendant did not intend to take, when Defendant asserted that it intended to 'commence legal action against [Plaintiff] if a prompt resolution of [her] debt does not occur.'" Dkt. 8 at ¶59. Section 1692e(5) prohibits "[t]he threat to take any action that

cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Plaintiff's complaint states no facts that would show the Defendant could not commence legal action if the debt were not paid, nor are any facts stated that would show that Defendant did not intend to take such legal action. Because there are no facts stated in the complaint that rise beyond the level of mere labels and conclusions as to this alleged violation, the Court finds that it should be dismissed.

**Count VIII: Violation of 15 U.S.C. 1692e(10) and Count XII: Violation of Tex. Fin. Code 392.304(a)(19)**

Plaintiff has alleged that Defendant violated 15 U.S.C. § 1692e(10) and Tex. Fin. Code § 392.304(a)(19) by:

- falsely representing that an oral request for proof of the debt or the name and address of the original creditor legally requires Defendant to suspend its efforts to collect the debt until it mails the requested information;

- falsely representing that, despite no lawsuit having been filed against Plaintiff, Defendant was entitled to "attorney fees and costs;"

- falsely representing or implying that an attorney sent the May 15, 2012 initial written communication in his capacity as an attorney and not merely as a debt collector;

- falsely representing that an attorney had meaningfully reviewed the particular circumstances of Plaintiff's account; and

- asserting that it intended to "commence legal action against [Plaintiff] if a prompt resolution of [her] debt does not occur."

Dkt. 8 at ¶¶61-65; 73-77. Plaintiff's allegations under the state and federal statutes are identical, and the prohibitions under the state and federal statutory sections are essentially identical.[4]

---

[4] 15 U.S.C. § 1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). Texas Finance Code Section 392.304(a)(19) prohibits debt collectors from "using any other false representation or deceptive means to collect a debt or obtain information

With the exception of Plaintiff's misrepresentation based on the alleged threat of legal action which has already been addressed above, the Court finds that Plaintiff has stated a misrepresentation claim under the least sophisticated consumer or unsophisticated consumer standard. *See Gonzalez v. Kay*, 577 F.3d 600, 607 (5th Cir. 2009) ("Based only on the allegations in the complaint and the letter itself, reasonable minds can differ as to whether this letter is deceptive."); *Langley v. Weinstein & Riley, P.S.*, 2013 WL 2951057, 8 (S.D. Tex. 2013) ("An unsophisticated consumer easily could interpret Defendant's prior requests that she contact Defendant by phone as suggesting that oral communications were sufficient to legally require Defendant to cease collection efforts.").[5] Therefore, the claims under 15 U.S.C. § 1692e(10) and Tex. Fin. Code § 392.304(a)(19) should not be dismissed for failure to state a claim.

## RECOMMENDATION

Therefore, having considered the standards under Rule 12(b)(6) as well as the least sophisticated or unsophisticated consumer standard which must be applied to all claims under the FDCPA, the Court recommends that Defendant's Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 11) be GRANTED as to Plaintiff's claims under 15 U.S.C. 1692g and 15 U.S.C. 1692e(5), that Counts I, II, III, and VII be dismissed with prejudice for failure to state

---

concerning a consumer." TEX. FIN. CODE § 392.304(a)(19).

[5] The Court notes that the District Court in the *Langley* case found, as a matter of law, that the omission of "in writing" likely would mislead an unsophisticated consumer, in violation of Section 1692e(10). That determination was made in an analysis of the parties' motions for summary judgment, which is not the procedural vehicle before the Court today. However, the Court finds the reasoning in the *Langley* opinion to be persuasive as to the ultimate merits of some of Plaintiff's claims here.

a claim, and that the motion be DENIED as to Plaintiff's remaining claims.

*In accordance with the Court's May 6, 2013 Order, the stay in this matter is hereby lifted and the parties shall submit an amended joint proposed scheduling order within 10 days.*

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 14th day of August, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE